# APPENDIX

## TABLE OF CONTENTS

Page(s)

TABLE OF AUTHORITIES.................................................................... iii
      Cases........................................................................................ iii
      Codes....................................................................................... iv
      Statutes.................................................................................... iv
      Court Rules............................................................................... v

I.    INTRODUCTION................................................................... 2

    A.    NATURE OF THE CASE............................................. 2

    B.    STATEMENT OF JURISDICTION AND APPEALABILITY    3

    C.    ISSUES PRESENTED.................................................. 4

    D.    FACTUAL BACKGROUND............................................ 4

    E.    PROCEDURAL BACKGROUND.................................... 8

II.    THE DISTRICT COURT ABUSED ITS DISCRETION IN
GRANTING SUMMARY JUDGMENT FOR THE INDIVIDUAL
DEFENDANTS, AND SHOULD HAVE DENIED THIS
MOTION IN THE FACE OF THE TRIABLE ISSUES OF
FACT AND EVIDENCE SUBMITTED....................................... 13

    A.    STANDARD OF REVIEW............................................. 13

    B.    TRIABLE ISSUES OF FACT AND EVIDENCE ARE
        PRESENT IN THIS CASE............................................. 15

        1.    The Individual Defendants Violated Plaintiff/
            Appellant EPHRAIM's Constitutional Rights And
            Are Not Immune From The Consequences Of
            Their Actions....................................................... 15

            a)    Placing a Gun to Plaintiff's Head..................... 16

            b)    Methods of Detaining Plaintiff During
                 Execution of Arrest of His Father and of
                 Search Warrant Violates Plaintiff's Fourth
                 Amendment Rights.......................................... 21

　　　　c)　　These Defendants Must be Held
　　　　　　　Accountable for their Violations of
　　　　　　　Plaintiff's Constitutional Rights.....................    22

III　THE DISTRICT COURT ABUSED ITS DISCRETION IN
　　GRANTING SUMMARY JUDGMENT FOR THE UNITED
　　STATES, AND SHOULD HAVE DENIED THIS MOTION IN
　　THE FACE OF THE TRIABLE ISSUES OF FACT AND
　　EVIDENCE SUBMITTED.....................................................    23

　　A.　STANDARD OF REVIEW...........................................    23

　　B.　TRIABLE ISSUES OF FACT AND EVIDENCE ARE
　　　　PRESENT IN THIS CASE..........................................    25

　　　　1.　The UNITED STATES' Agents Violated Plaintiff/
　　　　　　Appellant EPHRAIM's Constitutional Rights And
　　　　　　The UNITED STATES Is Not Immune From The
　　　　　　Consequences Of Their Actions.............................    25

　　　　　　a)　Placing a Gun to Plaintiff's Head.....................    26

　　　　　　b)　Methods of Detaining Plaintiff During
　　　　　　　　Execution of Arrest of His Father and of
　　　　　　　　Search Warrant Violates Plaintiff's Fourth
　　　　　　　　Amendment Rights......................................    26

　　　　　　c)　The UNITED STATES Must be Held
　　　　　　　　Accountable for the Violations of Plaintiff's
　　　　　　　　Constitutional Rights by their Agents................    27

IV　CONCLUSION....................................................................    28

CERTIFICATION OF COMPLIANCE WITH F.R.C.P. 32(a)(7)................    30

shall have jurisdiction of appeals from all final decisions of the district courts of the United States . . . ." As stated in his Notice of Appeal, timely filed on December 24, 2003 pursuant to Rule 4(b) of the *Federal Rules of Appellate Procedure*, Plaintiff EPHRAIM appeals from both of those summary judgments, which disposed of Plaintiff's claims herein. [CT-804-805.]

### C. ISSUES PRESENTED.

1) Whether the district court abused its discretion in granting the Summary Judgment Motion of Defendants GARO TOROSSIAN, KEITH BODEN, CHARLES McCALMONT, THOMAS JANKOWSKI, DAVID HAWKES, all individuals and Special Agents of the INTERNAL REVENUE SERVICE, an agency of the UNITED STATES OF AMERICA.

2) Whether the district court abused its discretion in granting the Summary Judgment Motion of Defendant UNITED STATES OF AMERICA.

### D. FACTUAL BACKGROUND.

On March 23, 1998, federal agents served search and arrest warrants at the residence of EPHRAIM's parents, Solomon and Lily Tekle, located at 19673 Los Alimos Street, Chatsworth, California. Solomon and Lily Tekle were suspected of narcotics and income tax-related offenses. [CT-694.]

Prior to the operation, the IRS prepared a plan for execution of the warrants and determined that three children resided in the residence, none of

the law. No officer of the law may set that law at defiance with impunity. All officers of the government, from the highest to the lowest, are creatures of the law, and are bound to obey it."' *United States v. Lee* (1882) 106 U.S. 196, 220.

In the face of the overwhelming evidence presented to the district court proving the despicable and unnecessarily brutal treatment of this minor Plaintiff, it granted the summary judgment and found that "... the force used to detain Plaintiff was reasonable under the circumstances" [CT-795], releasing these Defendants from accountable for their unconscionable actions.

Plaintiff EPHRAIM respectfully submits that the district court abused its discretion in this ruling, and requests that this Honorable Court reverse the granting of Defendants' Motion for Summary Judgment and order the district court to place this case in line for Trial.

III. **THE DISTRICT COURT ABUSED ITS DISCRETION IN GRANTING SUMMARY JUDGMENT FOR THE UNITED STATES, AND SHOULD HAVE DENIED THIS MOTION IN THE FACE OF THE TRIABLE ISSUES OF FACT AND EVIDENCE SUBMITTED.**

A. **STANDARD OF REVIEW.**

In its Order Granting the UNITED STATES' Motion for Summary Judgment, the district court clearly abused its discretion by finding that the "Defendant United States' liability is derivative of the Individual Defendants'

23

liability. . . . Since no issue of triable fact exists as to the reasonableness of Plaintiff's detention during the execution of the search warrant at his home, Plaintiff's assault and battery, and false arrest claims must fail. . . . Likewise, Plaintiff's claim for intentional infliction of emotional distress must fail because the Individual Defendants' did not engage in extreme and outrageous conduct." CT-796, line 19 to page 797, line 10.]

As this Honorable Court is well aware, any liability placed upon the UNITED STATES in a tort claim would have to stem from the actions of its agents. Accordingly, the district court based its decision in granting the UNITED STATES' Motion for Summary Judgment solely upon its finding that the unconscionable acts of the individual Defendants were "reasonable under the circumstances."

Plaintiff/Appellant EPHRAIM submits that he met his burden of proof by establishing triable issues of fact against the UNITED STATES, by providing evidence of the clear violations of EPHRAIM's constitutional rights committed by the agents of the UNITED STATES, as presented to the district court in his Statement of Genuine Issues of Material Fact in Opposition to the UNITED STATES' Motion for Summary Judgment [CT-596-603].

Accordingly, EPHRAIM requests that this Honorable Court take judicial notice of Section II, A. Standard of Review, above, and submits that the authorities cited therein as to the individual Defendants are identical to his case in point against the UNITED STATES.

24

**B.    TRIABLE ISSUES OF FACT AND EVIDENCE ARE PRESENT IN THIS CASE.**

1.    <u>The UNITED STATES' Agents Violated Plaintiff/Appellant EPHRAIM's Constitutional Rights And The UNITED STATES Is Not Immune From The Consequences Of Their Actions.</u>

Clearly, the evidence provided to the district court [see Plaintiffs' Statement of Genuine Issues of Material Fact; CT-596-603] proves that the conduct of the agents of the UNITED STATES in their treatment of this 11-year-old boy during the arrest of his father, was unreasonable and in clear violation of his Constitutional rights.

As stated above, the UNITED STATES shall not be shielded in qualified immunity from liability for civil damages when the conduct of its agents violates clearly established or constitutional rights of which a reasonable person would have known. *Behrens v. Pelletier*, supra, at 299. The law governing the officials' conduct was clearly established and, under that law, reasonable officers could not have believed that their conduct was lawful. *Katz v. United States*, supra, at 967.

The contours of the right at issue in this case were sufficiently clear at the time of the conduct of the agents of the UNITED STATES on March 23, 1998, in that EPHRAIM, an 11-year-old boy, had a right to be free from excessive force, custodial detention, and threat of death by the placement of a

25

gun to his head, and the UNITED STATES must be held responsible for the unlawful conduct of its agents.

a)    Placing a Gun to Plaintiff's Head.

As was stated above, and presented to the district court in Plaintiff's Statement of Genuine Issues of Material Fact [CT-596-603], a gun was held to EPHRAIM's head, and weapons were pointed at him throughout his detention by the agents of the UNITED STATES.

EPHRAIM hereby refers this Honorable Court to his argument and authorities presented above, and submits that the clear contours of the law governing the pointing of guns at suspects (although this minor child was not a suspect) put reasonable officers on notice that unreasonably pointing their guns at the head of an innocent 11-year-old boy would violate his constitutional rights.

Under these circumstances, it was inappropriate for the district court to decide this case as a matter of law, and the case must go to a jury to decide whether the UNITED STATES' agents' conduct was reasonable.

b)    Methods of Detaining Plaintiff During Execution of Arrest of His Father and of Search Warrant Violates Plaintiff's Fourth Amendment Rights.

It bears repeating that these agents of the UNITED STATES did not simply "detain" Plaintiff while executing the arrest of his father and search warrants, but rather held Plaintiff in handcuffs for an extended period

26

of time, held a gun to Plaintiff's head, brandished firearms in Plaintiff's direction, lifted Plaintiff by the handcuff chains from behind his back, had Plaintiff sit on the curb in his bare feet, had Plaintiff sit on a stool in his bare feet, insulted Plaintiff's parents' place of origin, and spat upon Plaintiff's shoes. [CT-596-603.] These acts, perpetrated upon this 11-year-old boy during custodial detention, obviously violated his Constitutional rights, and placed direct liability on the UNITED STATES for the actions of its agents.

EPHRAIM again refers this Honorable Court to the authorities cited above, and submits that the material facts presented to the district court raised serious "additional concerns" about the treatment of this young boy during his detention by these UNITED STATES agents, as their actions were unreasonable and excessive under these circumstances. [CT-596-603.] These concerns must be addressed at Trial.

c) **The UNITED STATES Must be Held Accountable for the Violations of Plaintiff's Constitutional Rights by their Agents.**

As undisputably shown to the district court in Plaintiff's Statement of Genuine Issues of Material Fact [CT-596-603], these UNITED STATES agents clearly violated Plaintiff's constitutional rights. Plaintiff respectfully requests that this Honorable Court take judicial notice of the case of *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, supra, as cited above.

27

In the face of the overwhelming evidence presented to the district court proving the despicable treatment of this minor Plaintiff, it granted the summary judgment and found that the agents of the UNITED STATES ". . . did not engage in extreme and outrageous conduct" [CT-797], releasing the UNITED STATES of accountability for the unconscionable actions of its agents.

Plaintiff EPHRAIM respectfully submits that the district court abused its discretion in this ruling, and requests that this Honorable Court reverse the granting of the UNITED STATES' Motion for Summary Judgment and order the district court to place this case in line for Trial.

## IV.    CONCLUSION

This Court is called upon to review both law and fact and to draw the line as to what is and is not reasonable behavior. Government actions which "offend the canons of decency and fairness" violate the due process protection of the Constitution. *Rochin v. California* (1952) 342 U.S. 165, 169.

The claims of all of the Defendants of entitlement to immunity from Plaintiff's claims depend on whether the trier of facts accepts Defendants' versions of the facts or Plaintiff's. The dispute is clearly genuine and the facts are material, indeed, central to the due process claim.

Plaintiff believes that reasonable jurors will find by a preponderance of the evidence that Plaintiff is entitled to a verdict in this matter. Therefore, based on the foregoing, it is hereby respectfully requested that this Honorable Court of Appeals reverse the summary judgments erroneously entered in favor of 1) the

28

PRINTED FOR
ADMINISTRATIVE OFFICE—U.S. COURTS
BY THOMSON/WEST—SAN FRANCISCO

The summary, which does not constitute a part of the opinion of the court, is copyrighted
© 2007 Thomson/West.